IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-039 |
| | ) | |
| AUGUSTA STATE PRISON; WARDEN FORTH; DEPUTY WARDEN HARMON; DEPUTY WARDEN PASCHAL; CAPTAIN GAINS; and LARRY BELLAVE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE AMENDED COMPLAINT**

   A.   **BACKGROUND**

In his original complaint, Plaintiff names as Defendants: (1) Augusta State Prison, (2) Warden Forth, (3) Deputy Warden Harmon, (4) Deputy Warden Paschal, (5) Captain Gains, and (6) Larry Bellave. (Doc. no. 1, pp. 1-3.) In his amended complaint, Plaintiff names the same Defendants except Warden Forth. (Doc. no. 10, pp. 1-3.) Taking all of Plaintiff's allegations as

true, as the Court must for purposes of the present screening, the facts are as follows. In his one-sentence statement of the claim, Plaintiff writes the facts underlying his claim are "about get jump on no one" and he "want[s] them to pay for what they did." (Doc. no. 10, p. 5.) Notably, Plaintiff made a similar bare assertion without connecting it to any Defendants in his original complaint, (see doc. no. 1, p. 5), and the Court ordered him to amend to include sufficient facts and allegations in his amended complaint, (doc. no. 7, pp. 4-6).

B.     **DISCUSSION**

1.     **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Augusta State Prison, Forth, Harmon, Paschal, Gains, and Bellave

As the Court previously explained, Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Further, the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff named Defendant Forth in his original complaint, he does not name him in the

3

amended complaint, thus, Defendant Forth is subject to dismissal. Moreover, while Plaintiff names Defendants Augusta State Prison, Harmon, Paschal, Gains, and Bellave in both his original and amended complaint, Plaintiff does not make any allegations associating any of the individual Defendants with any purported constitutional violations in his amended complaint. (See generally doc. no. 10.) Plaintiff merely lists the Defendants, without any context, and does not mention them anywhere in his one-sentence bare statement of the claim. (Id. at 1-3, 5.) While the Court would normally afford Plaintiff the opportunity to amend his complaint, the Court has already done so. (Doc. no. 7.) Dismissal of all Defendants here is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of June, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA